# EXHIBIT A

# Johnson County Kansas District Court

**CASE NO   11CV08355   BROWNING ET AL vs. COHEN MCNEILE & PAPPAS PC**
**Div/Judge   4/GERALD T ELLIOTT**
**Chapter   60**
**Nature   OTHER NON-DOMESTIC (60)**
**Status   PENDING**

10/25/2011 FILE STAMP 10/25/11, APPLICATION FOR CLERK'S EXTENSION

10/25/2011 FILE STAMP 10/25/11, CLERKS EXTENSION OF TIME (COHEN, MCNEILE & PAPPAS PC)

10/06/2011 FILE STAMP 10/06/2011, SHERIFF RETURN JO CO KS, SUMMONS, PETITION AND EXHIBITS SERVED COHEN MCNEILE & PAPPAS PC 10/05/2011 E/S

10/04/2011 SHERIFF'S FEE OF $5.00 COLLECTED.

10/04/2011 PETITION AND SUMMONS ISSUED TO THE SHERIFF OF JO CO KS "COHEN MCNEILE & PAPPAS PC"

10/04/2011 FILE STAMP 9/30/2011, REQUEST AND SERVICE INSTRUCTION FORM

10/04/2011 FILE STAMP 9/30/2011, CLASS ACTION PETITION

09/30/2011 Judge: GERALD T ELLIOTT Assigned to Case

09/30/2011 NEW CASE FILED; DONALD M BROWNING GABRIELLE M BROWNING VS COHEN MCNEILE & PAPPAS PC; FILING FEE 179.50 PAID BY VOKINS LAW OFFICE LLC;, Receipted Amount: $179.50 , Check No: 1054, Receipt NO: 11043154

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

DONALD M. BROWNING, and                    )
GABRIELLE M. BROWNING, on behalf of        )
themselves and others similarly situated,  )
                                           )      Case No. _11 c√ 8355_
                    Plaintiffs,            )      Division 4
v.                                         )      K.S.A. Chapter 60
                                           )
COHEN MCNEILE & PAPPAS, P.C.               )
                                           )
                    Defendant.             )

## CLASS ACTION PETITION

COME NOW, Plaintiffs, Donald M. Browning and Gabrielle M. Browning, on behalf of

themselves and others similarly situated, by and through their attorney, Tai J. Vokins,

Vokins Law Office, LLC, and for their claims against Defendant states as follows:

### PARTIES

1.  Donald M. Browning is a Kansas resident residing in Johnson County, Kansas.

2.  Gabrielle M. Browning is a Kansas resident residing Johnson County, Kansas.

3.  Cohen McNeile & Pappas, P.C. is registered with the Kansas Secretary of State as
    a foreign professional corporation in Kansas that can be served at its registered
    office at 4601 College Blvd., Suite 200, Leawood, Kansas 66211, registered agent
    Clifford A. Cohen.

### JURISDICTION AND VENUE

4.  All of the foregoing paragraphs are incorporated by reference.

5.  Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, K.S.A. 50-623 *et seq.*,
    K.S.A. 50-638, K.S.A. 60-223, K.S.A. 60-308, K.S.A. 60-603 and other statutory
    and common law.

1

SCAN DATE 2011/10/04 16:23

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2011 SEP 30 PM 12: 47


6. Venue is proper in this Court pursuant to K.S.A. 50-638 and other statutory and common law.

## FACTS

7. All of the foregoing paragraphs are incorporated by reference.

8. Defendant, Cohen McNeile & Pappas, P.C. ("Defendant McNeile") is a collection agency and law firm that engages in debt collection on behalf of clients such as Capital One Bank USA NA, Asset Acceptance, LLC and other corporations and individuals.

9. Defendant McNeile is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), the Fair Debt Collection Practices act.

10. Defendant McNeile is also a "supplier" that engages in the enforcement of consumer transactions throughout Kansas, as the term is defined by K.S.A. 50-624, the Kansas Consumer Protection act ("KCPA").

11. Defendant McNeile engages in collection activity throughout Kansas using various means, including, but not limited to, telephone contact, written collection demands and litigation.

12. Defendant McNeile also engages in post-litigation collection activity such as settlements, hearings-in-aid of execution, garnishment of wages and assets, liens and other means of collecting debts and judgments.

13. Upon information and belief, Defendant McNeile files most of its lawsuits in Johnson County District court in the court division that handles matters pursuant to K.S.A. Chapter 61.

SCAN DATE 2011/10/04 16:23

2

14. After filing a lawsuit, Defendant McNeile often obtains default judgments and converts the debts from consumer debt to judgment debt.

15. After converting the debt to judgment debt, Defendant McNeile prepares a Journal Entry that contains a Judgment Form for the court to sign that memorializes the judgment debt.

16. Upon information and belief, Defendant McNeile uses the K.S.A. Chapter 61 Journal Entry and Judgment Form found on the Johnson County District court's website at http://courts.jocogov.org.  Blank Chapter 61 Journal Entry attached as Exhibit 1.

17. The Journal Entry form found on the Johnson County District court's website is designed as a "fill in the blank" type form that provides attorneys and *pro se* litigants a uniform Journal Entry and Judgment Form that allows for easy identification of defendants, communicates to the court the result of service, whether the Journal Entry is by default or admittance, or that a responsive pleading is on file and whether judgment should be granted to plaintiffs.

18. The Judgment Form gives attorneys and pro se litigants a simple "fill-in-the-blank" Journal Entry of Judgment for the judgment amount, calculation of prejudgment interest and costs.

19. The Judgment Form contains a section titled "(IV)" that states "Post judgment interest at the statutory rate." Upon information and belief, this sentence was placed in the Judgment Form to signal that the statutory rate on K.S.A. Chapter 61 judgments is the rate allowed pursuant to K.S.A. 16-204(e)(2).

SCAN DATE 2011/10/04 16:23

3

20. Pursuant to K.S.A. 16-204(e)(2), the maximum rate of judgment interest allowed by courts pursuant to the code of civil procedure for limited actions is 12% per annum.

21. Defendant McNeile uses the exact Journal Entry and Judgment Form found on the Johnson County District court's website, but alters the court form to indicate the interest Defendant McNeile obtains is whatever the contract rate is for the debt subject to collection even if it is greater than the amount allowed by law.

22. Upon information and belief, in the vast majority of cases Defendant McNeile files, the contract rate of interest on the original consumer debt exceeds the maximum limited action judgment interest rate allowed by law pursuant to K.S.A. 16-204(e)(2).

23. For example, Defendant McNeile alters the Judgment Form to indicate Defendant is collecting judgment interest "at the statutory rate of 26.15% per annum" when such statutory rate does not exist.

24. Thus, as a result of changing the court's judgment form, Defendant McNeile represents to debtor defendants and consumers that Kansas statute allows Defendant McNeile to collect interest rates for clients on K.S.A. Chapter 61 judgments in amounts that exceed 12%.

25. Defendant McNeile has collected or attempted to collect judgment interest at rates that exceed the amount allowed by law.

26. Upon information and belief, the entire class has suffered damages that include, but are not limited to statutory damages, damage to credit, damage to credit capacity, loss of time and income, mental distress and anguish and attorney fees.

SCAN DATE 2011/10/04 16:23

4

**PLAINTIFFS DONALD BROWNING AND GABBRIELE BROWNING**

27. All of the foregoing paragraphs are incorporated by reference.

28. Plaintiff Donald Browning was sued by Defendant McNeile on behalf of its client, Capital One Bank, NA on January 24, 2011.

29. Plaintiff Donald Browning appeared and confessed judgment to the debt on February, 24, 2011.

30. Defendant McNeile submitted to the court a Journal Entry and Judgment Form that states on section "IV" of the Judgment Form that Plaintiff Donald Browning is indebted for "Post judgment interest at the statutory rate of 26.15% per annum." Donald Browning Judgment attached as Exhibit 2.

31. Plaintiff Gabrielle Browning was sued by Defendant McNeile on behalf of its client, Captial One Bank, NA on January 6, 2010.

32. Defendant McNeile obtained default judgment against Plaintiff Gabrielle Browning on February 18, 2011.

33. Defendant McNeile submitted to the court a Journal Entry and Judgment Form that states on section "IV" of the Judgment Form that Plaintiff Gabrielle Browning is indebted for "Post judgment interest at the statutory rate of 23.10% per annum." Gabrielle Browning Judgment attached as Exhibit 3.

34. As a result of the judgment against Plaintiff Gabriele Browning, Gabriele Browning was required to hire an attorney to file a motion to change the post-judgment interest to the allowable statutory rate.

35. Defendant McNeile opposed the motion to change the post-judgment interest to the statutory rate.

5

SCAN DATE 2011/10/04 16:23

36. Defendant McNeile has subsequently engaged in other collection tactics by converting the judgment to a lien against any real property owned by Plaintiff Donald Browning.

37. Plaintiffs Donald Browning and Gabrielle Browning have suffered damages that include, but are not limited to statutory damages, damage to credit, damage to credit capacity, loss of time and income, mental distress and anguish and attorney fees.

### COUNT I
### FAIR DEBT COLLECTION PRACTICES – FALSE OR MISLEADING REPRESENTATIONS

38. All of the foregoing paragraphs are incorporated by reference.

39. Defendant engages in false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e by:

    a.  Engaging in the collection of debt claiming debtors owe an amount of post-judgment interest that cannot legally be collected pursuant to K.S.A. 16-204(e)(2) and K.S.A. 16-205.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendant for actual damages, statutory damages, civil penalties, attorney fees, litigation expenses and the costs of suit; and, such other relief as the Court deems proper.

### COUNT II
### FAIR DEBT COLLECTION PRACTICES ACT – FALSE OR MISLEADING REPRESENTATIONS

40. All of the foregoing paragraphs are incorporated by reference.

41. Defendant engaged in false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e(4) by:

SCAN DATE 2011/10/04 16:23

    a. Engaging in the collection of, or threat to collect interest rates on judgments not authorized by law.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendant for actual damages, statutory damages, civil penalties, attorney fees, litigation expenses and the costs of suit; and, such other relief as the Court deems proper.

**COUNT III**
**FAIR DEBT COLLECTION PRACTICES ACT – UNFAIR PRACTICES**

42. All of the foregoing paragraphs are incorporated by reference.

43. Defendant engaged in unfair and unconscionable debt collection practices in connection with debt collection practices in violation of 15 U.S.C. § 1692f by:

    a. Using unconscionable practices to collect consumer debts by obtaining judgments for post judgment interest in amounts that exceed post-judgment interest allowed by law.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendant for actual damages, statutory damages, civil penalties, attorney fees, litigation expenses and the costs of suit; and, such other relief as the Court deems proper.

**COUNT VI**
**FAIR DEBT COLLECTION PRACTICES ACT – UNFAIR PRACTICES**

44. All of the foregoing paragraphs are incorporated by reference.

45. Defendant engaged in unfair and unconscionable debt collection practices in connection with debt collection practices in violation of 15 U.S.C. § 1692f (1) by:

    a. Engaging in collection of amounts not authorized by law when Defendant obtained judgment interest over the statutory rate allowed by law.

SCAN DATE 2011/10/04 16:23

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendant for actual damages, statutory damages, civil penalties, attorney fees, litigation expenses and the costs of suit; and, such other relief as the Court deems proper.

## COUNT V
## ABUSE OF PROCESS

46. All of the foregoing paragraphs are incorporated by reference.

47. Defendant made an illegal, improper or unauthorized use of process that it knew to be illegal, improper or unauthorized when it obtained  judgemnents for amounts not authorized by law.

48. Defendant made the illegal, improper or unauthorized use of process for the purpose of harassment, to cause great inconvenience and/or great hardship to the Plaintiffs  and the class by obtaining judgments interest rates that exceed the maximum amount allowed by law.

49. As a result of Defendants' abuse of process, the Plaintiff and class has sustained damages.

WHEREFORE, this Court should enter judgment in favor of Plaintiffs and against Defendant for damages and such other relief that the Court deems just and proper.

## COUNT VI
## KANSAS CONSUMER PROTECTION ACT - DECEPTIVE ACTS AND PRACTICES

50. All of the foregoing paragraphs are incorporated by reference.

51. The acts committed by Defendant against Plaintiffs as set forth herein constitute deceptive acts and/or practices generally prohibited under K.S.A. 50-626(a) for which damages, fees, costs of this action and injunctive relief should be granted.

8

SCAN DATE 2011/10/04  16:23

WHEREFORE, this Court should declare the above-mentioned acts and practices deceptive in violation of the Kansas Consumer Protection act, and enter judgment in favor of Plaintiffs against Defendant for Plaintiffs' damages, civil penalties, fees, costs of this action and injunctive relief.

## COUNT VII
## KANSAS CONSUMER PROTECTION ACT – DECEPTIVE ACTS AND PRACTICES

52. All of the foregoing paragraphs are incorporated by reference.

53. Defendant willfully used written representations that consist of exaggeration, falsehood or innuendo or ambiguity as to a material fact by representing to judgment debtors that Defendant is collecting statutory post-judgment interest rates when in fact Defendant is obtaining and collecting or attempting to collect post-judgment interest rates not authorized by law in violation of K.S.A. 50-626(b)(2).

WHEREFORE, this Court should declare the above-mentioned acts and practices deceptive in violation of the Kansas Consumer Protection act, and enter judgment in favor of Plaintiffs against Defendant for Plaintiffs' damages, civil penalties, fees, costs of this action and injunctive relief.

## COUNT VIII
## KANSAS CONSUMER PROTECTION ACT – DECEPTIVE ACTS AND PRACTICES

54. All of the foregoing paragraphs are incorporated by reference.

55. Defendant falsely states that it is engaging in collection activity that involves consumer obligations by claiming that consumers owe an amount of post-

SCAN DATE 2011/10/04 16:23

judgment interest that the consumers do not owe in violation of K.S.A. 50-626(b)(8).

WHEREFORE, this Court should declare the above-mentioned acts and practices deceptive in violation of the Kansas Consumer Protection act, and enter judgment in favor of Plaintiffs against Defendant for Plaintiffs' damages, civil penalties, fees, costs of this action and injunctive relief.

## COUNT IX
### KANSAS CONSUMER PROTECTION ACT – UNCONSCIONABLE ACTS AND PRACTICES

56. All of the foregoing paragraphs are incorporated by reference.

57. The acts committed by Defendant as set forth herein constitute unconscionable acts and practices generally prohibited under K.S.A. 50-627(a) for which damages, fees, costs of this action and injunctive relief should be granted.

WHEREFORE, this Court should declare the above-mentioned acts and practices unconscionable in violation of the Kansas Consumer Protection act, and enter judgment in favor of Plaintiffs against Defendant for Plaintiffs' damages, civil penalties, fees, costs of this action and injunctive relief.

## CLASS ALLEGATIONS

58. All of the foregoing paragraphs are incorporated by reference.

59. Plaintiffs bring this action on behalf of a class, pursuant to K.S.A. 60-223(a) and K.S.A. 60-223(b)(3).

60. The class consists of all natural persons that Defendant has obtained a judgment against for an illegal amount of interest in the course of debt collection.

61. The class is so numerous that joinder would be impracticable.  The class consists

SCAN DATE 2011/10/04 16:23

of any debtor that Defendant has obtained a judgment against defendants pursuant to the code of civil procedure for limited actions for an amount of interest that exceeds the allowable rate.  Upon information and belief, there are thousands of members of the class in this county and across Kansas.

62. There are questions of law and fact common to the class, which common questions predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

63. The predominate questions are (1) whether Defendant's standard practice of obtaining judgments pursuant to the code of civil procedure for limited actions for interest rates that exceed the rate allowed by law violates any of the above counts in this petition, and (2) whether the Plaintiffs and class members are entitled to actual and/or statutory damages for these violations.

64. Plaintiffs' claims are typical of the class members' claims.  All are based on the same basic facts and legal theories.

65. Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel that is a former assistant attorney general that specialized in consumer protection law. Plaintiffs' attorney has also served as a professor specializing in clinical methodology for the poor and underrepresented. Plaintiffs' attorney has prosecuted several claims in which there were over 100 victims owed restitution or other relief, and has recovered approximately $20 million for Kansas consumers in consumer protection litigation, trials and settlements.

SCAN DATE 2011/10/04 16:23

66. A class action is superior for fair and efficient adjudication of this matter, in that:

    a.      Individual actions are not economically feasible;

    b.      Members of the class are unlikely to be aware of their rights;

    c.      The violations of law alleged in this petition are proper for class action claims.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class against Defendant for statutory damages, attorney's fees, litigation expenses and costs of suit and such other further relief as allowed by law and the Court deems proper.

SCAN DATE 2011/10/04 16:23

12

## FINAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

A.      That class certification be granted;

B.      That judgment be entered on all claims asserted;

C.      That the Court award all such further relief as may be appropriate under the

circumstances including damages for Plaintiffs and the class, an amount believed to be

more than $75,000.00, attorney fees, costs of this action, and all other relief requested.

Respectfully submitted,

Vokins Law Office, LLC

Tai J. Vokins, #23707
201 E Loula Street
Olathe, Kansas 66061
Tel.    913.390.0481
Fax.    913.254.7602
taivokins@vokinslaw.com
Attorney for Plaintiffs

SCAN DATE 2011/10/04 16:23

## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, by and through their attorney, Tai J. Vokins, Vokins Law

Office, LLC, and hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

Tai J. Vokins, #23707
Vokins Law Office, LLC
201 E Loula Street
Olathe, Kansas 66061
Tel.    913.390.0481
Fax    913.254.7602
taivokins@vokinslaw.com
Attorney for Plaintiffs

SCAN DATE 2011/10/04 16:23

14

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

DONALD M. BROWNING, and )
GABRIELLE M. BROWNING, on behalf of )
themselves and others similarly situated, )
 )
     Plaintiffs, )
v. )
 )
COHEN MCNEILE & PAPPAS, P.C. )
 )
     Defendant. )

Case No. 11 C V 8355
Division
K.S.A. Chapter 60

<u>REQUEST FOR SERVICE</u>

To: Clerk of the District Court

Please issue a summons and petition in this action for Defendant **Cohen, McNeile & Pappas, P.C.**, whose address for service is:

**Cohen McNeile & Pappas, P.C.**
**4601 College Blvd., Suite 200**
**Leawood, Kansas 66211**

Service is requested as indicated:

 **X** a. **Personal Service through the office of the Sheriff of Johnson County, State of Kansas. Returns may be faxed to (913) 715-3401. 7 days a week – 24 hours a day.**

 _____ b. Service by Process Server authorized process server.

 _____ c. Service by return receipt delivery by the undersigned party or party's attorney.

 \_\_\_\_\_ d. Certified mail service by the Sheriff of Johnson County Kansas.

Browning v. Cohen McNeile & Pappas, P.C., Request for Service Page 1

SCAN DATE 2011/10/04 16:24

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2011 SEP 30 PM 12: 47

Respectfully Submitted,

Vokins Law Office, LLC

Tai J. Vokins, #23707
201 E Loula Street
Olathe, Kansas 66061
Tel:    913.390.0481
Fax    913.254.7602
taivokins@vokinslaw.com

**Attorney for Plaintiff**

SCAN DATE 2011/10/04 16:24

Browning v. Cohen McNeile & Pappas, P.C., Request for Service Page 2

JOHNSON COUNTY KANSAS SHERIFF'S RETURN OF CIVIL PROCESS

CASE NO. 11CV08355
CHAPTER   60

DONALD M BROWNING

(PLAINTIFF)

COHEN MCNEILE & PAPPAS PC
4601 COLLEGE BLVD STE 200
LEAWOOD, KS 66211

(PARTY OF RECORD)

SHERIFF'S RETURN OF SERVICE

I have served the following, SUMMONS, PETITION AND EXHIBITS by delivering a
copy of each to COHEN MCNEILE & PAPPAS PC, personally, at 4601 COLLEGE BLVD
STE 200, on OCTOBER 05 2011, at 1420 hours.

All done in Johnson County, Kansas

I hereby certify under penalty of perjury that the foregoing is true and
correct.

Executed:  October 06, 2011

Attorney for Plaintiff
TAI J VOKINS

Frank Denning-Sheriff
Johnson County, Kansas

By /s/ SAUNDERS, SHANNON, 553

Electronically Signed

Additional Notes:
SERVED CLIFF COHEN, PRESIDENT, PERSON IN CHARGE AT TIME OF SERVICE

*Clerk of the District Court*
*Johnson County Kansas*
*10/6/2011 20:59:06 SM*

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

DONALD M. BROWNING, et al )
)
)
)
          Plaintiffs,          )
)
vs.                            )
)                Case No.  11CV8355
)
)                Division: 4
COHEN, McNEILE & PAPPAS, P.C.  )
)                 K.S.A. Chapter 60
)
)
          Defendant            )
)
)

### APPLICATION FOR CLERK'S EXTENSION

COMES NOW Mary V. Larson of the firm The Law Offices of David E. Larson, LLC., and, pursuant to Supreme Court Rule 113, requests a fourteen (14) day Clerk's extension, until November 9, 2011, within which to file defendant's responsive pleading or other pleadings.

Respectfully submitted,


  /s/ Mary V. Larson
Mary V. Larson     Ks  #14467
The Law Offices of David E. Larson, LLC
11150 Overbrook Road, Suite 350
 Leawood, Kansas 66211
 (913) 661-9600

Fax: (913) 661-9614

Attorneys for Defendant

Certificate of Service

I hereby certify that the above entitled pleading was e-filed and faxed on the 25th day of October, 2011 to the following:

Taj J. Vokins
201 E. Loula Street
Olathe, Kansas 66061

Attorney for Plaintiffs

*Clerk of the District Court*
*Johnson County Kansas*
*10/25/11  11:31am MM*

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

DONALD M. BROWNING, et al )
                          )
                          )
                          )
         Plaintiffs, )
                          )
vs.                       )
                          )     **Case No.  11CV8355**
                          )
                          )     **Division: 4**
COHEN, McNEILE & PAPPAS, P.C. )
                          )     **K.S.A. Chapter 60**
                          )
         Defendant )
                          )
                          )

## <u>CLERK'S EXTENSION OF TIME</u>

On application of defendant, pursuant to Kansas Supreme Court Rule 113, defendant is granted an additional fourteen (14) days to answer or otherwise respond to Plaintiffs' Petition, up to and including November 9, 2011.

                                     /s/ MELISSA MERCER
                                     Dated: 10/25/11
                                     Clerk of the District Court