IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| **DONALD M. BROWNING, and**<br>**GABRIELLE M. BROWNING, on**<br>**Behalf of themselves and others**<br>**Similarlty situated,** | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| **vs.** | )<br>)       **Case No.  2:11-cv-02611-EFM-DJW**<br>) |
| **COHEN, McNEILE & PAPPAS, P.C.** | )<br>)<br>) |
| **Defendant** | )<br>)<br>) |

SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS

COMES NOW defendant, by and through undersigned counsel, and, pursuant to

Rule 12(b)(6), F.R.C.P., submits the following Suggestions in Support of its Motion to

Dismiss:

INTRODUCTION

This case was originally filed in the District Court of Johnson County, Kansas.

It was removed to this Court on November 4, 2011 pursuant to 28 U.S.C. §1331. The

petition, entitled Class Action Petition, contains nine (9) separate counts. Counts I-IV claim entitlement of recovery due to alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.  Count V contains a common law claim entitled "Abuse of Process". Counts VI-IX asserts claims due to alleged violations of the Kansas Consumer Protection Act, K.S.A. §623, et. seq.

FACTUAL ALLEGATIONS

The plaintiffs' claims under all 9 counts are premised on the same factual allegations, set forth in the Class Action Petition under the heading "Facts" (paragraphs 7-26).  The factual allegations that are salient to the instant motion are as follows:

• Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6). (Para. 9 of Petition)

• Defendant engages in collection activity in Kansas that includes litigation and post-litigation activity such as obtaining judgments and collecting on judgments. (Para. 11 and 12)

• Defendant often obtains default judgments on collection actions, in which consumer debts are converted to judgments. (Para. 14)

• The statutory rate of interests on judgments under Kansas law is 12%. (Para. 19 and 20)

• When a judgment is obtained on a consumer debt, defendant inserts the contract rate of interest on the judgment form which exceeds the statutory rate of 12%. (Para. 22)

• The vast majority of the collection cases filed by defendant involve a contract rate of interest that exceeds 12%. As an example, defendant has included on a judgment an interest rate of 26.15% per annum. (Para. 22-23).

APPLICABLE STANDARD

To survive a Rule 12(b)(6) motion, the complaint must provide the grounds of entitlement to relief. All well-pleaded factual allegations must be accepted as true and viewed in a light that is most favorable to the plaintiff. The complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Brown v. Montoya, ---- F.3d ------, 2011 WL 5346064 (10th Cir. 2011).* When deciding a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain, 478 U.S. 265,286, 106 S.Ct. 2932 (1986).*

ARGUMENT

The same basic set of allegations form the basis of all theories of liability asserted in the Class Action Petition. Specifically, all claims are premised on the belief that a debt collector is precluded by statute from collecting post-judgment interest in any amount that exceeds 12%. Plaintiffs contend that any contractual interest rate that exceeds 12% is unenforceable and subjects the debt collector to liability under either the Fair Debt Collection Practices Act or the Kansas Consumer Protection Act.  If the plaintiffs are mistaken and creditors may legally collect post-judgment interest at a contractual rate that exceeds 12%, all of plaintiffs' claims must fail as a matter of law.

Kansas law provides for 12% interest on judgments obtained in cases filed pursuant to the code of civil procedure for limited actions. K.S.A. §16-204(e)(2). Plaintiffs contend in their factual allegations that this subsection places a cap on interest at 12%. As this is an allegation of a legal conclusion, it should not be assumed as true for purposes of this motion. *Papasan, supra.*

Even so, K.S.A. §16-204 begins with the following language: "Except as otherwise provided in accordance with the law...". *Id.*  In fact, there is a section from the same chapter that provides otherwise:

> **Statute 16-205: Interest rates or charges; contract rates continue until payment in full; judgments; excess rates and charges void.**
> (a) <u>When a rate of interest or charges is specified in any contract, that rate shall continue until full payment is made, and any judgment rendered on any such contract shall bear the same rate of interest or charges mentioned in the contract, which rate shall be specified in the judgment; but in no case shall such rate or charges exceed the maximum rate or amount authorized by law,</u> and any bond, note, bill, or other contract for the payment of money, which in effect provides that any interest or charges or any higher rate of interest or charges shall accrue as a penalty for any default, shall be void as to any such provision.

    (b)  Judgments taken in accordance with the provisions of subsection (a) shall be expressed as follows:

    (1)  Judgments upon interest-bearing contracts shall provide (i) the unpaid principal balance, (ii) the date to which interest is paid, (iii) the contract rate of interest and (iv) that the unpaid principal balance shall draw the contract rate of interest from the date to which interest is paid until payment in full.

(Emphasis added)

This statutory scheme clearly and ambiguously provides that parties to a contract may agree to a specified interest rate, and that any judgment arising out of that contract "shall" bear the contract interest rate. The only limitation is that the agreed interest rate shall not exceed the maximum rate allowed by law. Kansas courts that have considered this issue have uniformly held that the contracted interest rate shall be applied to a judgment based upon a breach of that contract unless the rate is in violation of law.

As the cases below illustrate, the 12% statutory interest rate on judgments provided by §16-204(e) is merely an catchall that is available to a judgment creditor in the absence of an agreed rate. It is by no means the exclusive rate for post-judgment interest. The contract rate will prevail as long as it does not otherwise violate Kansas law. (There is no claim in the Class Action Petition that the interest rate contained in the contracts in issue are excessive, usurious or otherwise prohibited by law. There are no Kansas or federal laws that impose maximum interest rates on credit card issuers).

One of the more recent cases on point is *Ary Jewelers, L.L.C. v. Krigel, 85 P.3d 1151 (Kan. 2004)*. This case involved a dispute about the interest rate to be applied on a claim to funds in an escrow account. The Supreme Court specifically held that K.S.A. §16-205(a) allows parties to an agreement to agree upon an interest rate that differs from the statutory post-judgment rate, stating in material part as follows:

As mentioned earlier in the opinion, we acknowledge that parties can agree upon a
different rate of interest from the postjudgment rate fixed by statute. See K.S.A. 16-205
(a); Producers Equip. Sales, Inc., v. Thomason, 15 Kan. App. 2d 393, 403-04, 808 P.2d
881 (1991). However, for several reasons we have held there is no valid agreed upon
interest rate in the instant case. Accordingly, the appropriate rate of postjudgment interest
under K.S.A. 2001 Supp. 60-204(e), given the date of the judgment in this case, is
7.25%. Ary is therefore entitled to postjudgment interest on its $1.5 million at the rate of
7.25% per annum from May 29, 2002 (the date of the filing of the journal entry of
judgment) until paid in full. See K.S.A. 60-258.

*Id.at p.480.*

In *Producers Equipment Sales, Inc. v. Thomason, supra,* referenced in the above
quote from *Ary,* the plaintiff obtained default judgments arising out of mechanic's liens
filed against property, equipment and leases. Post-judgment interest was awarded at
the rate of 18%. The case was on appeal after the trial court refused to set aside the
default judgments. The appellate court reversed interest award. In so doing, the court of
appeals concluded that the 18% interest rate was void because that interest rate was
higher than the rate prayed for in the petition and exceeded the statutory rate. The court
stated: "The rate of interest on a judgment is fixed by statute unless an agreement of
the parties provides for a different rate". *Id. at p. 403.* Without question the court would
have upheld a higher rate had the parties agreed to same.

Another case on point is *Scott v. Strickland,* 691 P.2d 45 (Kan. App. 1984). This
was a mechanics lien case in which the district court granted pre and post-judgment
interest of18%, in accordance with the invoices for the materials sold. The court of
appeals reversed this ruling because the claim was not based upon a contract:

The rate of post-judgment interest which could be assessed against the Scotts is also
limited to the statutory rate since Woods-Ringstaff's claim for relief arises out of a statutory
right [10 Kan.App.2d 25] (the mechanic's lien) and not a contract with the Scotts. K.S.A.

16-205; Sanders, 2 Kan.App.2d at 321, 578 P.2d 1131. Therefore, the trial court's judgment was in error and should have limited the Scotts' liability to the cost of materials provided with post-judgment interest of 15% per annum (K.S.A. 1983 Supp. 16-204[c]...

*Id. at p. 54.*

Implicit in this ruling is that a contract interest rate would have prevailed even if that rate exceeded the statutory rate.

In *Carnes v. Meadowbrook Executive Building Corp., 836 P.2d 1212 (Kan. App. 1992),* the court held that the enactment of K.S.A. §16-205(a) reflected the Kansas public policy that an aggrieved creditor is entitled to the contractual interest rate until the amount due is paid in full.

Kansas courts have also determined that §16-205(a) permits the parties to contract for a higher interest rate upon the occurrence of a default, provided that the rate is not otherwise illegal and is prospective from the date of the default. In *Wagnon v Slawson Exploration Company, Inc., 874 P.2d 659 (Kan. 1994),* plaintiff brought suit when the defendant defaulted on a loan in the amount of $2,000,000. The note was renewed and amended, and provided that interest for the unpaid balance on the note would increase from 18% to 24% in the event of a default.  The trial court found that K.S.A. 16-205(a) precluded the recovery of the increased interest rate because it constituted a penalty for default. The Supreme Court reversed, holding that the parties could freely contract for a higher interest rate in the event of a default. A prospective higher rate is not a penalty as that term is used in the statute. *Id. at p. 665.*

This case is important for two reasons: (1) It reinforces the notion that parties may agree to an interest rate that exceeds the statutory rate for interest on judgments, and,

(2) The agreed upon rate will be applied until the debt is paid in full. *See, also, TMG Life Ins. Co. v. Ashner, 898 P.2d 1145 (Kan. App. 1995).*

In *Bob Eldridge Construction Co., Inc. v. Pioneer Materials, Inc., 684 P.2d 355 (Kan. 1984),* the Kansas Supreme Court held that pre-judgment interest of 18% would be applied to a claim based upon an unpaid invoice for materials delivered to a construction project. While this case involves pre-judgment interest, it embraces the statutory right under K.S.A. §16-205(a) to apply an interest rate that was agreed upon by the parties.

Defendant found no cases which limited post-judgment interest to the 12% statutory rate when the parties contractually agreed to a higher rate.

CONCLUSION

Kansas statutes permit parties to a consumer transaction to enter into agreements that specify the rate of interest to accrue on delinquent or unpaid sums. Kansas statutes clearly authorize post-judgment interest for the agreed-upon rate of interest. All of the claims asserted in the Class Action Petition are premised upon the assumption that interest on judgments is limited to the statutory rate of 12%, regardless of any agreement to the contrary. This faulty premise is the undoing of this cause of action. The plaintiffs have not alleged plausible facts which, if true, would entitle them to relief under any of the theories contained in the Class Action Petition. There can be no violations of the Fair Debt Collection Practices Act or the Kansas Consumer Protection Act if the interest rate on the judgments taken by defendants was legal. The claim for

abuse of process is equally deficient.  Accordingly, pursuant to Rule 12(b)(6), the Class

Action Petition must be dismissed.

Respectfully submitted,

/s/ David E. Larson
David E. Larson    KS Fed Bar No. 70716
The Law Offices of David E. Larson, LLC
Two Cleaver II Blvd., Suite 445
Kansas City, Missouri 64112

Attorney for Defendant

Certificate of Service

I hereby certify that the above entitled *Suggestions in Support of Motion to Dismiss* was
filed on the court's ECF system on the  9th day of November, 2011.

/s/ David E. Larson