IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| DONALD M. BROWNING, and<br>GABRIELLE M. BROWNING, on<br>Behalf of themselves and others<br>Similartly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br><br>COHEN, McNEILE & PAPPAS, P.C.<br><br><br>    Defendant | Case No.  2:11-cv-02611-EFM-DJW |

REPLY SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS

COMES NOW defendant, by and through undersigned counsel, and submits the following Reply Suggestions in Support of its Motion to Dismiss:

The plaintiff has encouraged the Court to remand this case to the state court under the Pullman doctrine, suggesting that this Court should not venture to interpret the Kansas statutory scheme on interest on judgments. However, the Pullman doctrine of federal court abstention is not a rigid rule that requires remand when the federal court is faced with a question of unsettled state law. The United States Supreme Court in *Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct.*

*1316 (1964)*, reinforced the view that the abstention doctrine involves a discretionary exercise of the court's equity powers which must be applied on a case by case basis. Further, the Court in *Propper v Clark, 337 U.S. 472, 69 S.Ct. 1333* (1949), held that in circumstances such as those present here point towards deciding the issue in federal court: "Where a case involves a nonconstitutional federal issue, however, the necessity for deciding which depends upon the decision on an underlying issue of state law, the practice in federal courts has been, where necessary, to decide both issues." Id. at p. 490, 1343. Federal courts routinely interpret state laws when the state courts have not previously done so.

As evidenced by the cases cited in the defendant's initial suggestions, there is ample authority from which this Court can ascertain the law of Kansas on the propriety of post-judgment interest at a contractual rate that exceeds 12%. The statutes in question are clear and unambiguous. The plaintiff never attempted to refute or explain the introductory language in K.S.A. §16-204 which states: "Except as otherwise provided in accordance with law...".   K.S.A. §16-205, the very next section, does provide otherwise and cannot be more clear: "When a rate of interest or charges is specified in any contract, that rate shall continue until full payment is made, <u>and any judgment rendered on any such contract shall bear the same rate of interest or charges mentioned in the contract, which rate shall be specified in the judgment</u>; but in no case shall such rate or charges exceed the maximum rate or amount authorized by law, ..."  (emphasis added).

The cases cited by defendant, while perhaps not decided on the exact issue in question, represent a clear reflection of how the Kansas appellate courts interpret this statutory scheme. The statement from the court's opinion in the *Ary* case is a concise and accurate statement of Kansas law: "...we acknowledge that parties can agree upon a different rate of interest from the postjudgment rate fixed by statute. See K.S.A. 16-205(a)." *85 P.3d 1161*. Dicta or not, this statement is an unfiltered affirmation of the statutory exception to the 12% interest on judgments discussed in §16-204.

The same is true of the *Producers Equipment* case, in which the court stated: "The rate of interest on a judgment is fixed by statute <u>unless</u> an agreement of the parties provides for a different rate." 808 P.2d at p. 889. Again, dicta or not, the court has recognized and approved the use of an agreed upon interest rate. A similar argument exists for the other cases cited by defendant.

It is important to note that the plaintiffs do not contend that the interest rates set forth in the judgments were not in accordance with their credit card contracts or that the rate was usurious.

As to plaintiffs' last point, they contend that, irrespective of the Court's determination of the statutory issue, they have nonetheless stated a cause of action arising out of the defendant's alteration of the court's form. Plaintiffs contend that the defendant's violated either the Kansas Consumer Protection Act ("KCPA"), or the Fair Debt Collection Practices Act ("FDCPA"), by inserting the contractual rate on the judgment form but calling it statutory interest. This practice, they contend, constitutes misrepresentation and deception. Specifically, the plaintiffs allege that the defendant's conduct was in violation of K.S.A. §50-627(a), which prohibits unconscionable acts and practices against consumers.

Liability under the KCPA is triggered if a defendant's conduct was unconscionable. Whether an action or conduct is unconscionable under the KCPA is a question of law for the court to decide. *State ex rel. Stovall v. DVM Enterprises, Inc.*, 62 P.3d 653 (Kan. 2003). See also *Adams v. J.C.Christensen & Associates, Inc.*, 777 F.Supp.2d 1193 (D. Minn. 2011). In the *Stovall* case, the Kansas Supreme Court noted that, while unconscionability is not defined in the KCPA, the statute provides guidelines for this determination and referenced an earlier decision in which 10 factors were identified that should factor into the decision. Those factors are:

> (1) The use of printed form or boilerplate contracts drawn skillfully by the party in the strongest economic position, which establish industry wide standards offered on a take it or leave it

> basis to the party in a weaker economic position [citations omitted]; (2) a significant cost-price disparity or excessive price; (3) a denial of basic rights and remedies to a buyer of consumer goods [citation omitted]; (4) the inclusion of penalty clauses; (5) the circumstances surrounding the execution of the contract, including its commercial setting, its purpose and actual effect ; (6) the hiding of clauses which are disadvantageous to one party in a mass of fine print trivia or in places which are inconspicuous to the party signing the contract [citation omitted]; (7) phrasing clauses in language that is incomprehensible to a layman or that divert his attention from the problems raised by them or the rights given up through them; (8) an overall imbalance in the obligations and rights imposed by the bargain; (9) exploitation of the underprivileged, unsophisticated, uneducated and the illiterate; and (10) inequality of bargaining or economic power.
>
> *Id. at p. 251 (*citing *Willie v. Southwestern Bell Tel. Co., 549 P.2d 903 (1976).*

Similarly, plaintiffs alleged the same conduct violates 15 U.S.C §1692e, which prohibits false, deceptive or misleading representations or means in connection with the collection of a debt. The FDCPA was enacted for the purpose of eliminating false, deceptive, misleading, unfair or harassing collection activities. *Peasley v. Telecheck of Kansas, Inc., 637 P.2d 437 (Kan. App. 1981).* While there is a split of authority on the issue, a Kansas district court has held that the question of whether certain conduct or actions constitute violations of the FDCPA is an issue of law. *Rachoza v. Gallas & Schultz, 1998 WL 171280 (D.Kan. 1998).* Ironically enough, that case dealt with, inter alia, alleged violations of FDCPA and the KCPA by a law firm sending dunning collection letters that claimed interest at 12% instead of the statutory interest rate of 10%. In that case, the creditor and debtor had not contractually agreed to an interest rate, so the 10% statutory rate should have been used.

Plaintiffs have cited no cases to the Court which support a claim under either the KCPA or the FDCPA with comparable facts. However, a 10th Circuit case out of Oklahoma, while not on all fours, is certainly persuasive authority for dismissal of this case. In *Robey v. Shapiro, Marianos & Cejda, L.L.C., 434 F.3d 1208 (10th Cir. 2006),* the plaintiff brought a FDCPA claim against a law firm for seeking to impose attorneys fees arising out of a foreclosure sale. The plaintiff claimed that the defendants had agreed to a flat fee and that the flat-fee agreement had not been provided to the state court that was presiding over the foreclosure action.  The district court dismissed the claim because Oklahoma law permits the recovery of a reasonable attorney's fee to the prevailing party in a foreclosure action, stating: "The fees sought in the prayer of the foreclosure action [are] authorized by statute and the agreement between the mortgagee and mortgagor. Plaintiff's attempt to transform Shapiro's and MERS's actions into something sinister is lacking. At best, the failure to disclose the flat fee arrangement is a matter best left to the determination of the court presiding over the foreclosure. The practice, however, does not violate the FDCPA". *Id. at p. 1210.*  The 10th Circuit affirmed the dismissal for the same reasons set forth by the district court.

The lesson from Robey is that liability under the FDCPA will not lie as a matter of law against lawful conduct.  The defendant's conduct in inserting the contracted interest rate in the judgments against the plaintiffs was lawful.

The alleged unconscionable conduct in the current case fails to satisfy any of the factors of unconscionability to impose liability under the KCPA. Further, the conduct does not establish false, deceptive or misleading representations that would be required to impose liability under the FDCPA.  This Court can and should decide as a matter of law that this practice is neither unconscionable, deceptive or a misrepresentation of fact or law. The inclusion of a contractually agreed interest rate, as discussed above, is legal and enforceable. The use of the contract rate of interest is statutorily approved by K.S.A. 16-205.  There is nothing deceptive or misleading about a judgment form that reflects the correct contractually agreed-upon interest rate. The plaintiffs in the underlying collection

actions were entitled to post-judgment interest at the contract rate. The fact that the judgment formed, provided by the court, used the words "statutory", is irrelevant. It would make little sense to subject the defendant to liability under either statute if the interest rate set forth in the judgment was correct.

WHEREFORE, for the additional reasons set forth above, the plaintiff's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6), F.R.C.P.

Respectfully submitted,

/s/ David E. Larson
David E. Larson    KS Fed Bar No. 70716
The Law Offices of David E. Larson, LLC
2 Cleaver II Blvd., Suite 445
Kansas City, Missouri 64112

Attorney for Defendant

Certificate of Service

I hereby certify that the above pleading was served via the court's ECF system, on the 27th day of December, 2011, to the following:

Tai J. Vokins
201 E. Loula Street
Olathe, Kansas 66061

Attorney for Plaintiffs